# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORRY WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. CALLEN, et al.,<br><br>　　　　　Defendants. | 1:18-cv-00187-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>**(Docs. 8, 9)**<br><br>**21-DAY DEADLINE**<br><br>**CLERK TO ASSIGN DISTRICT JUDGE** |

　　　Corry Williams filed this action on February 6, 2018. (Doc. 1.) On February 12, 2018, the Court issued an order striking the complaint because it was unsigned. (Doc. 8.) Plaintiff was given 21 days to sign and refile the Complaint. (*Id.*) When Plaintiff did not comply with that order, the Court ordered him to show cause why the action should not be dismissed for his failure to comply with the court's order. (Doc. 9.) Despite lapse of more than the time allowed, Plaintiff has not filed any response to the order to show cause and has not filed a signed complaint. The Court warned Plaintiff that his failure to comply with the Court's order would result in dismissal of this action. (*Id.*)

　　　The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the

1

Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). Based on Plaintiff's failure both to comply with the order striking the unsigned complaint and to respond to the OSC, there is no alternative but to dismiss the action.

Accordingly, the Court **RECOMMENDS** that this action be dismissed, with prejudice, for Plaintiff's failure to obey a court order and to prosecute this action, 42 U.S.C. § 1997e (a).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated: **April 26, 2018**        **/s/ Jennifer L. Thurston**
                                                                              UNITED STATES MAGISTRATE JUDGE